**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CIVIL ACTION NO. 21-243-DLB**

**AMOS ADAIR STILTNER**                                                                **PETITIONER**


**v.**                              **MEMORANDUM OPINION AND ORDER**


**ANDY BESHEAR, GOVERNOR**                                                        **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

Amos Stiltner is currently incarcerated by the Commonwealth of Kentucky at the Northpoint Training Center ("NTC") in Burgin, Kentucky.  Stiltner has filed a *pro se* petition for a writ of habeas corpus (Doc. # 1), as well as a motion to proceed *in forma pauperis* (Doc. # 3).  This matter is before the Court to conduct the initial screening of the petition pursuant to 28 U.S.C. § 2243.  *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

Stiltner is currently serving a 50-year sentence for conspiracy to commit murder. (Doc. # 1-1 at 1).  Stiltner is seventy years old, and has several medical conditions that he asserts constitute co-morbidities for COVID-19 infection.  Stiltner states that he contracted the coronavirus in December 2020 but experienced relatively mild symptoms, and has since been vaccinated.  (Doc. # 1-1 at 3, 7-8).

In his petition, Stiltner challenges the conditions of his incarceration on the ground that "he is being denied the basic human need of the space necessary for him to adequately distance himself from other prisoners" in accordance with guidelines from the Centers for Disease Control and Prevention ("CDC") in regards to the COVID-19

1

pandemic.  *Id*. at 4, 5.  Furthermore, Stiltner contends that: (1) although prison guards have been instructed to wear masks, there have been occasions where they have been seen not doing so; (2) the size and layout of the prison is not compatible with social distancing under CDC guidelines; and (3) the risk of re-infection from COVID-19 at NTC constitutes cruel and unusual punishment in violation of the Eighth Amendment.  For relief, Stiltner seeks release from custody.  (Doc. # 1-1 at 4-10).

Stiltner states that he did not file a grievance regarding his concerns because the prison "does not allow 'repetitive' grievances within any 6 month period."  (Doc. # 1 at 7).  Nonetheless, he claims that the issue was "presented, and denied" because another inmate, not Stiltner himself, sent numerous letters and filed several inmate grievances about regarding COVID-19 at NTC.  (Doc. # 1-2 at 8-14).  Stiltner also states that in June 2020 he filed suit in the Montgomery Circuit Court seeking release from custody on the same ground he asserts here, but that he was denied relief.  (Doc. # 1 at 8).  Stiltner also asserts that the courts of Kentucky have no process by which they may consider his claims about COVID-19.  (Doc. # 1-1 at 2).

The Court has thoroughly reviewed the petition and the attachments Stiltner has filed in support of it, but must deny the petition for several reasons.  First, while Stiltner filed a motion for leave to proceed *in forma pauperis* (Doc. # 3), he left the form entirely blank, and he did not sign or date it.  The motion is therefore not in proper form and was not filed in compliance with Rule 11(a) of the Federal Rules of Civil Procedure.  In any event, the statement of inmate account filed by Stiltner (Doc. # 4) indicates that he has sufficient funds to pay the five dollar filing fee.

More fundamentally, Stiltner's claims are not proper in a habeas petition filed pursuant to 28 U.S.C. § 2241. Section 2241 is typically a vehicle for challenges to the fact or duration of a prisoner's confinement, such as the way his sentence credits are being computed or his parole eligibility determined. It may not be used to challenge the specific conditions of an inmate's confinement. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."); *Muhammed v. Close*, 540 U.S. 749, 750 (2004) (holding that while "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action.").

Of course, if "a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020). But Stiltner does not so claim. Instead, he argues that the risks he faces are the result of non-compliance with the prison's rules and CDC guidance regarding masking and social distancing. Because compliance with those rules would alleviate Stiltner's concerns, his claims do not fall within the heart of habeas corpus. *Id*. at 838-39; *see also Rummelt v. Cheeks*, No. 21-10757, 2021 WL 4921203, at *2 (E.D. Mich. Oct. 20, 2021).

Finally, Stiltner's complaint clearly shows that he failed to exhaust his remedies – either administrative or judicial – prior to filing suit. Stiltner admits that he himself filed no inmate grievances at all regarding his COVID-related concerns. He claims that he was

3

entitled to disregard the Kentucky Department of Corrections' Inmate Grievance Procedure because the prison "does not allow 'repetitive' grievances within any 6 month period." (Doc. # 1 at 7). But KDOC's grievance procedure makes plain that this is not correct. That Procedure states that "[a]n inmate shall not regrieve an issue that has been **personally** grieved within the past six (6) months." CPP 14.6(II)(E)(1) (July 20, 2021) (emphasis added). And if the inmate's grievance is "essentially identical" to one filed by another inmate within the six preceding months, the Grievance Coordinator - not the inmate - has the option to address the grievance by merely providing the inmate with a copy of the previous decision. CPP 14.6(II)(E)(2). Neither of these provisions entitles Stiltner to avoid his obligation to exhaust his administrative remedies prior to filing suit.

Further, a prisoner is required to exhaust his available remedies in the courts of the state that imposed his sentence before seeking relief in federal court under § 2241. *Winburn v. Nagy*, 956 F.3d 909, 913 (6th Cir. 2020). The exhaustion rule requires the prisoner to "appeal an adverse decision all the way to the state's court of last resort." *Phillips v. Court of Common Pleas*, 668 F.3d 804, 810 (6th Cir. 2012). While Stiltner sought relief from his sentence due to COVID concerns in the Montgomery Circuit Court (Doc. # 1 at 8), the docket in that case establishes that he failed to appeal the denial of relief all the way to the Kentucky Supreme Court.[1]

It is true, of course, that a failure to exhaust may be excused "where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Fazzini v. N.E. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006); *see also Goar v. Civiletti*, 688

---

[1] See
https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=087&court=1&division=CI&caseNumber=00-CR-00115&caseTypeCode=CR&client_id=0 (visited on Nov. 10, 2021).

4

F.2d 27, 28–29 (6th Cir. 1982).  Stiltner contends that there is no mechanism at all for the courts of Kentucky to address his claims.  (Doc. # 1-1 at 2).  But this Court has expressly held otherwise.  *Cf. Blackburn v. Noble*, No. 3: 20-CV-46-GFVT (E.D. Ky. Aug. 17, 2020) (Doc. # 34 therein at 10) (*citing* KRS 202A.151).  Because Stiltner has failed to pursue his claims through the Kentucky judicial system in the first instance, they are unexhausted and the Court will not entertain them at this time.  Accordingly, for each of the foregoing reasons,

**IT IS ORDERED** as follows:

(1)     Stiltner's petition for a writ of habeas corpus (Doc. # 1) is **DENIED**;

(2)     All pending motions are **DENIED AS MOOT**;

(3)     The Court will enter **JUDGMENT** filed contemporaneously herewith; and

(4)     This matter is **STRICKEN** from the Court's active docket.

This 10th day of November, 2021.



**Signed By:**

**David L. Bunning**

**United States District Judge**

K:\DATA\ORDERS\PSO Orders\5-21-243 Order of Dismissal.docx